UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ADRIAN MASCHO, Petitioner, v. WARDEN, Respondent. | ) | No. 1:24-cv-00241-JPH-MJD |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Adrian Mascho's petition for a writ of habeas corpus seeks relief from his conviction and sanctions in prison disciplinary case NCF 23-03-0118. For the following reasons, the petition is denied.

**I. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

**II. The Disciplinary Proceeding**

On March 24, 2023, Sgt. Shaw charged Mr. Mascho with committing offense 117, battery on staff, in case NCF-23-03-118:

> On the above date and approx time [the afternoon of March 24, 2023] I Sgt Shaw gave a direct order for ofd. Mascho #248344 to leave dinning hall one chow line due to the fact he has already ate. Ofd Mascho refused my direct order goes to sit down. I walk up to him give him a direct order again to leave at this time flipped his tray up at me causing it to hit me and food was all over my pant leg, my boot, and jacket. Ofd. Mascho was advised of this conduct.

Dkt. 1-1 at 1 (Report of Conduct; errors in original). Photographs were taken after the incident. Dkt. 1-1 at 6-11.

On April 3, a screening officer notified Mr. Mascho of the charge and provided him with copies of the report of conduct and the notice of disciplinary hearing (screening report). Dkt. 10-3. The screening officer advised Mascho of his rights and recorded a plea of not guilty. *Id.* Mascho did not request any witnesses but requested "Camera Review Chow hall I to show I did not throw my tray at her. On 3-24-2023 from 1415 to 1420." *Id.* The disciplinary hearing board prepared a video summary: "The video for the above case was reviewed from 14:15 to 14:25 as the offender requested. Video clearly shows offender Mascho, Adrian #248344 throw a food tray at Sgt. J. Shaw getting food down the front of her." Dkt. 10-7. The Court's review of the video is consistent with the video summary.

A disciplinary hearing officer (DHO) held a hearing on April 7. Dkt. 1-1 at 2; dkt. 10-6. Mr. Mascho stated: "I did not throw my tray at her. If I could not have my food, then I did not want anyone to have it. I did throw it on the floor."

*Id.* Mr. Mascho also submitted a written statement, in which he stated, among other things, that "I flipped my tray on the floor which in turn splattered food on Shaw." Dkt. 1-1 at 3; dkt. 10-8. In his reply, Mr. Mascho acknowledges that he should be punished, but he believes he committed a lesser offense, disorderly conduct. Dkt. 22 at 1-2. He believes that the incident did not warrant an A-117 offense because he did not intend to hit the officer with the tray and she was not injured. *Id.* at 2.

The DHO considered the conduct report, Mr. Mascho's statements, the pictures, and the video and found Mr. Mascho guilty of offense A-117, battery on staff. Dkt. 10-6. The DHO imposed the following sanctions affecting the duration of Mr. Mascho's custody: a 75-day credit time deprivation and a one-step credit class demotion. *Id.*

After Mr. Mascho's appeals were denied he filed this habeas action. The case was initially dismissed for failure to exhaust administrative remedies, but Mr. Mascho's post-judgment motion to reconsider was granted, resulting in the case being reopened on the docket. Dkt. 16.

## III. Discussion

Mr. Mascho's claims are: (1) he was denied evidence; and (2) the evidence was not sufficient to support the disciplinary conviction. Dkt. 1 at 2-3. The Warden again argues that Mr. Mascho failed to exhaust his administrative remedies, but the Court finds it more efficient at this point in the proceedings to consider the claims on the merits. *See Washington v. Boughton*, 884 F.3d 692, 698 (7th Cir. 2018).

**A. Denial of Evidence**

Mr. Mascho first argues that he was denied the opportunity to see the video evidence that he requested. Dkt. 1 at 2. The Court allowed video evidence to be filed *ex parte* and to maintain its confidentiality for reasons of security, safety, and privacy. Dkts. 18, 23. Disclosure of the surveillance video evidence could compromise security at the facility because Mr. Mascho, other inmates, and the public could learn the location and capabilities of the cameras, in addition to any blind spots. *Id.*

Due process requires that in prisoner disciplinary proceedings, prisoners be given access to material, exculpatory evidence. *Johnson v. Brown,* 681 F. App'x 494, 496-97 (7th Cir. 2017). Evidence is exculpatory if it undermines or contradicts the finding of guilt, *see id.*, and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780–81 (7th Cir. 2008). The Court has viewed the video footage and confirms that it is not exculpatory. Rather, it clearly shows Mr. Mascho angrily swatting the tray and the food toward Sgt. Shaw. There was no due process violation in not allowing Mr. Mascho to watch the video evidence.

**B. Some Evidence**

Next, Mr. Mascho contends that there was no evidence showing that he committed battery because he never touched Sgt. Shaw. Dkt. 1 at 5. In a prison disciplinary proceeding, the "hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence" standard is much more

lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56 (emphasis added); *see also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) (same).

Once the Court finds "some evidence" supporting the disciplinary conviction, the inquiry ends. *Jones v. Cross*, 637 F.3d 841, 849 (7th Cir. 2011). The Court may not "reweigh the evidence underlying the hearing officer's decision" or "look to see if other record evidence supports a contrary finding." *Rhoiney*, 723 F. App'x at 348 (citing *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000)).

Mr. Mascho was found guilty of battery on staff. "Battery" is defined by the Department as "[k]nowingly or intentionally touching another person in a rude, insolent or angry manner." Dkt. 10-12 at 3. Although Mr. Mascho contends that he did not commit battery because he never touched Sgt. Shaw's person, under Indiana law, "[a]ny touching, however slight, may constitute battery." *Matter of Hill*, 144 N.E.3d 184, 188 (Ind. 2020). A battery occurs even if "a harmful contact with the person . . . indirectly results." *Id.*; *see Everhart v. Founders Ins. Co.*, 993 N.E.2d 1170, 1175 (Ind. Ct. App. 2013). "Any contact counts as a 'touch'—and this includes indirect as well as direct contact, so a snowball, spitball, or paper airplane qualifies if it hits the target." *Flores v. Ashcroft*, 350 F.3d 666, 669 (7th Cir. 2003) (addressing Indiana law). As shown by the video, there is sufficient

evidence to support the battery on staff conviction based on Mr. Mascho's hurling the food tray directly at Sgt. Shaw and hitting her with it and with food.

## IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Mascho to the relief he seeks. Accordingly, Mr. Mascho's petition for a writ of habeas corpus is **denied**. Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 10/2/2026

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ADRIAN MASCHO
248344
CORRECTIONAL INDUSTRIAL FACILITY (CIF)
CORRECTIONAL INDUSTRIAL FACILITY
Electronic Service Participant – Court Only

Monika P. Talbot
INDIANA ATTORNEY GENERAL
monika.talbot@atg.in.gov